**THE PEOPLE** on the relation of **FIGANIERE** a. **THE JUSTICES OF THE NEW YORK MARINE COURT.**

*Supreme Court, First District; General Term, November,* 1855.

APPEALS IN MARINE COURT.—MANDAMUS.

An appeal lies to the general term of the Marine Court, from any and all judgments entered in that court by direction of a single judge, whether the cause was tried with or without a jury.

Appeal from an order at special term denying an application for a mandamus.

The case before the special term is reported *Ante,* 126,[*] where the facts will be found sufficiently stated.

*C. N. Black,* for the appellants.

*A. A. Phillips,* opposed.

COWLES, J.—The relator sued Jackson in the Marine Court. The cause was tried before a jury, and verdict given for the plaintiff, upon which judgment was entered by direction of the

---

[*] See also, Figaniere a. Jackson, *Ante,* 237.

The People on the Relation of Figaniere a. The Marine Court.

justice before whom (with the jury) it was tried. The defendant appealed to the general term of the court, when a new trial was ordered, unless the plaintiff consented to a reduction of the verdict. Mandamus is now applied for to compel the general term to vacate that judgment, upon the ground that an appeal only lies to the general term of that court from a judgment entered by direction of a single justice opening a default; and further, that no appeal lies to the general term from a judgment entered by direction of a single justice, when the cause has been tried before a jury.

We think that an appeal lies to the general term from any and all judgments entered in that court by direction of a single judge, and that whether the cause was tried with or without a jury.

This power is given by section 5, of chapter 617, of the Laws of 1853.

The language of that section is not as clear as it might have been, and yet its intent cannot be misunderstood. The expression—" And an appeal may be taken *upon the same* from a judgment entered upon the direction of a single justice," &c., refers to an appeal " in all actions " not to orders opening defaults. The words above quoted, " *upon* the same," as used in such section, are to be read " *in* the same," and as if that part of the section had read thus: " And an appeal may be taken *in* the same," (that is, *in all actions*,) " from a judgment entered upon the direction of a single justice of the said court," &c. &c.

But it is urged that no appeal will lie when the' cause has been tried *before a jury.* This section authorizes appeals *in all actions*, and the appeal is to be taken *in the same manner*, and with LIKE *effect*, as appeals in the Supreme Court from the decision of a single judge to the general term.

In this act of 1853, there is no limitation of the power of appeal to any particular class of judgments entered by direction of a single justice, as there is by section 348 of the Code, which limits the appeal, in the Supreme Court, to those cases where the trial is by the court. In the Marine Court, the power of appeal, as conferred by section 5, now cited, is given *in all cases*, whether tried before a single justice or before a jury, when

judgment is rendered by direction of a single justice. The *manner* in which the appeal is to be taken, and the *effect* such appeal is to have, is by this section to be the same as in the Supreme Court, where the appeal is to the general term from the decision of a single judge. And upon such appeal being taken from the judgment of a single judge in the Marine Court to the general term, the general term of that court may vacate or modify the judgment, under exceptions taken, or as being against the weight of evidence. The court below had power to grant the new trial. The motion for a mandamus must be denied; but as the question was not free from difficulty, and as a construction of the statute was desirable, it will be denied without costs to either party.

---

### CODDINGTON *a.* GILBERT.

*New York Superior Court; General Term, October,* 1855.

RAILROAD BONDS.—PROPERTY.—ATTACHMENT.

Bonds, made by a railroad company and placed in the hands of their agents to be sold, are not, either in the hands of the company or of the agents, the property of the company, in such sense that an attachment issued against the company can be levied upon them.

Motion to set aside a verdict taken subject to the opinion of the court at general term.

This was an action brought by Thomas B. Coddington against Messrs. Gilbert, Coe, and Johnson, bankers, under the following circumstances.

On the 17th of November, 1853, the Maysville & Lexington Railroad Company, a foreign corporation, created under the laws of Kentucky, were indebted to the defendants, Gilbert, Coe, & Johnson in about $60,000 upon an unsettled account for moneys advanced. As a collateral security for the payment of this debt, the defendants held 292 second mortgage six per cent. bonds, of the Maysville & Lexington Rail-